## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BESS** | § | |
| | § | |
| **v.** | § | **No. 1:19-cv-1006-RP** |
| | § | |
| **SECURITAS SECURITY SERVICES** | § | |
| **USA, INC.** | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Amended Opposed Motion to Compel Discovery Responses (Dkt. 26), as well as the Defendant's Response (Dkt. 27) and Plaintiff's Reply (Dkt. 28).  The district judge referred the motion to the undersigned for resolution, pursuant to 28 U.S.C. § 636(a)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Court Rules.

### I. Background

In this suit, Christopher Bess, who is Black, brings claims of race discrimination and retaliation against his former employer, Securitas Security Services USA, Inc.  Bess was a 30 year employee of Securitas, but was fired in February 2019 for alleged failures to retain and service customers, and manage overtime.  In this suit he alleges that his termination was the result of race discrimination and retaliation in violation of the Texas Commission on Human Rights Act.  The suit was originally filed in state court, but was removed by Securitas based on diversity of citizenship. At the time he was fired, Bess was a Branch Manager in Securitas' Austin Branch, which is part of the Central Texas Region.  The Central Texas Region also included the San Antonio and Laredo/McAllen Branches, and included in total eight Branch Managers (including Bess).  Bess' direct supervisor at the time of his termination was Gail Funk, who supervised all of the Branch Managers in the Central Texas Region.  Prior to Funk he was supervised by Dave Schiller.  Funk and

Schiller are white.  In addition, Securitas' Vice President for Human Resources, David McAllister was involved in decisions regarding Bess' compensation and his termination.

As noted, Securitas claims that it terminated Bess because "throughout the last few years of his employment with Defendant, he increasingly demonstrated several management deficiencies, including failure to properly service clients, inability to meet the needs of clients, and inability to effectively manage his billed overtime."  Dkt. 26 at 16 (Securitas' response to Int. 2).  In the letter notifying Bess of the termination, Funk summarized the reasons as:

- Last 18 months losses from your Branch are 1653 HPW and 1.8 Million In Revenue

- Last 40 Weeks your Depts have been grossly over budget in OT expenditures more than 75% of the time.

- Your Departments top the list in Central Texas for worst OT Expenditures for most of 2018 and all of 2019

Dkt. 26 at 52.  The letter further contends that Bess had lost "high value customers," and ends by stating that "Securitas has decided we can no longer support this gross negligence in business management on your part."  *Id.*

## II.  Discussion

Bess seeks an order compelling Securitas to more fully respond to a number of interrogatories and requests for production.  He groups the discovery requests into five categories: (1) requests seeking comparator information; (2) requests seeking his own compensation and performance data; (3) requests seeking discrimination complaints made by other employees against Bess' supervisors; (4) requests seeking personnel files from Bess' supervisors and comparators; and (5) other miscellaneous information.  The Court will address the requests using these same categories.

2

### A.      Comparator information

In a disparate impact suit one of the primary forms of evidence that a plaintiff must gather relates to employees who were similarly situated to the plaintiff, so the plaintiff can offer evidence that his peers who are outside of his class (whether that be race, ethnicity, age or gender) were treated more favorably than he was.   The Fifth Circuit has noted that appropriate comparators for these purposes need to be in "nearly identical circumstances," which the court defines as having "held the same job or responsibilities, shar[ing] the same supervisor or ha[ving] their employment status determined by the same person."   *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).   Here, as noted, Bess was one of eight Branch Managers in the Central Texas Region, all of whom were supervised by a single person.   As also noted, in the letter notifying Bess that he was being terminated, his performance was compared to Branches in all of the Central Texas Region.   Dkt. 26 at 52 (noting that Bess' department "top[ped] the list in Central Texas for worst OT Expenditures").   The Central Texas Branch Managers are therefore the appropriate comparators for Bess.   The Court thus rejects Securitas' argument that the comparators in this case should be limited to those in the Austin Branch, and overrules Securitas' objections to the pertinent RFPs and interrogatories.   Bess' motion to compel as to RFPs 7-9, 20-24, 27, 28, 30, and 32 and Int. Nos. 5 and 6 is **GRANTED** and Securitas is **ORDERED** respond to these requests in full.

### B.      Bess' own compensation and performance

Securitas responded to Bess' motion to compel this category of data by stating that it agreed to produce responsive material, and thus an order compelling it do so was not warranted.   Dkt. 27 at 3-5.   As Bess notes in his reply, however, Securitas had not yet produced the material, despite claiming it had no objection to doing so.   Rather than denying the motion as Securitas suggests, then,

the better approach is to compel Securitas to produce responsive material to the extent is has not already done so.  Many of the requests Bess points to in this category overlap those in the prior category.  Accordingly, the motion to compel as to Int. No. 5 and RFPs  6-8, 20-24, 28, 30, and 32 is **GRANTED** and Securitas is **ORDERED** respond to these requests in full.

## C.     Other discrimination complaints

In the requests at issue in this category, Bess sought information about any charges or complaints of discrimination against the three people who supervised him or were part of the decisionmaking team who terminated him—Funk, Schiller and McAllister.  Securitas objects to producing this information, relying on a single, non-precedential Fifth Circuit decision.  Dkt. 27 at 6 (citing *Dooley v. Parks and Recreation for Par. of E. Baton Rouge*, 433 Fed. App'x 321 (5th Cir. 2011)).  *Dooley*, however, does not support Securitas' position.  In that case Dooley was complaining on appeal about a series of discovery rulings, only one of which sought complaints of discrimination, and not ones brought against the relevant supervisor, but instead those brought by Dooley's co-workers.  *Id.* at 326.  Far from prohibiting this, the trial court had permitted it—requiring the employer "to provide documents concerning complaints of retaliation and disability discrimination asserted in the past five years by [the employer's appointees] who were 'similarly situated' to plaintiff."  *Id.*  In reviewing that decision, the circuit found it well within the court's discretion.

And as Judge Farrer of this district has noted, "courts typically allow limited discovery of other complaints or incidents of alleged discrimination or retaliation to show motive, intent, or purpose, but only where the incidents relate to other similarly situated employees."  *Crain v. Judson ISD*, 2017 WL 10581119 at *2 (W.D. Tex. Oct. 18, 2017) (citing *Slaughter v. Atkins*, No. 2010 WL 2035785, at *5 (M.D. La. May 14, 2010); *Williams v. United States Envtl. Servs., LLC*, 2016 WL

4

617447, at *7 (M.D. La. Feb. 16, 2016)).   The decisionmakers at issue here—Bess' direct supervisors and the VP for Human Resources—were all involved in the decisions Bess contends were discriminatory or retaliatory.   Charges or complaints that these men engaged in discrimination are thus discoverable in this case.   The Court will therefore **GRANT** the motion to compel as to RFPs 34-36, and Securitas is **ORDERED** to respond to the requests in full.

### D.   Personnel files

Bess sought the production of the personnel files of the other Branch Managers, as well as those of Funk and Schiller (his director supervisors).   Securitas produced portions of the supervisor's files, but objected to producing any of the other Branch Managers' files.   As Bess notes, courts generally permit the discovery of personnel files from comparator employees.   *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991).   Once again relying on a non-precedential Fifth Circuit case, Securitas contends that it need not produce the files or all of the files.   Dkt. 27 at 8 (citing *Williams v. Roy O. Martin Lumber Co. LLC*, 51 Fed App'x 483 (5th Cir. 2002)).   *Williams*, however, does not so hold.   In a very brief discussion devoid of citations, *Williams* affirmed the district court's limiting the plaintiff to obtaining personnel file materials concerning absenteeism or FMLA leave requests (the issues presented by the plaintiff's suit).   So the case *permitted* discovery of personnel files, albeit limited to certain topics.   Further, the court's basis for not permitting additional discovery of the files was the balancing of the privacy rights of the employees whose files were produced.   That is not an issue here, as there is a protective order in place to protect that interest.   Dkt. No. 20.

On the other hand, the Fifth Circuit case that *does* have precedential value, *Coughlin v. Lee*, expressly permits the discovery of personnel files in a discrimination suit.   946 F.2d at 1159.   For the reasons already explained with regard to comparator information, the requested personnel files

are well within the scope of discovery. Accordingly, the Court will **GRANT** the motion to compel with regard to RFPs 37-39, and Securitas is **ORDERED** to respond to the requests in full.

**E.      Other miscellaneous requests**

In the final category addressed by the motion to compel, Bess requests an order compelling Securitas to produce emails to or from five identified people that mention the names "Chris Bess," "Christopher Bess," "Bess" or "Chris," any recordings of conversations or meetings including Bess, certain organizational charts, job descriptions, and documents relating to a customer's cancellation of its contract with Securitas. *See* Dkt. 26 at 5. Securitas responds that it agreed to produce the requested emails, and was confirming whether any recordings existed, which, if they did, it would produce. Dkt. 27 at 8-9. Securitas further states it would produce the job description, and, though it did not believe it was relevant to the case, it would produce the "cancellation agreement" with the former customer. *Id.* at 9. With regard to the organizational chart, Securitas states it would produce it, but only at a regional level. *Id.*

Bess replies that the organizational chart beyond the Central Texas Region is relevant to "determining different managers' decision-making responsibilities and duties." Dkt. 27 at 5. The Court will permit discovery of the organizational chart at the national level. Concerning the former customer, Bess points out that the Branch Manager who oversaw that contract was white, and the customer that was lost was a very large account, yet that employee was not terminated. As one of Securitas' stated reasons for terminating Bess was the loss of a (much smaller) account, he contends he is entitled to the details related to the termination of this large contract. The Court agrees. Securitas' stated reasons for terminating Bess make the documents related to the termination of the Samsung account directly relevant to Bess' case. In sum, the Court will **GRANT** the motion to

compel as to RFPs 5, 12, 29, 42 and 43, and Securitas is **ORDERED** to respond to the requests in full in the event it has not already done so.

### III. Conclusion

For the reasons set forth above, Plaintiff's Amended Opposed Motion to Compel Discovery Responses (Dkt. 26) is **GRANTED** as set forth in detail above.  Securitas shall produce to Bess all responses or documents ordered produced by this order **no later than May 28, 2021**.  Bess' request for attorney's fees is **DENIED.**

SIGNED this 5th day of May, 2021.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE